Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| JAMES JAMIL ALFREDO VÁZQUEZ<br><br>Parte Peticionaria<br><br>v.<br><br>SUPERINTENDENTE CENTRO CORRECCIONAL PONCE 676, PONCE, PR<br>Y/O CUALQUIER OTRA INSTITUCIÓN<br><br>Parte Recurrida | TA2026CE00705 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso núm.: NSCI202600051 NSCI202600054 REL. NIVP2025000955 AL 00970<br><br>Sobre: Solicitud Habeas Corpus |

Panel integrado por su presidente, el Juez Bonilla Ortiz, la Jueza Martínez Cordero y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de junio de 2026.

El 3 de junio de 2026, el señor James Jamil Alfredo Vázquez Quiñones (el señor Vázquez Quiñones o el peticionario) presentó ante nos una *Petición de Certiorari* en la que solicitó que revoquemos la *Resolución* emitida y notificada el 22 de mayo de 2026 por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI o foro primario).[1]

En el aludido dictamen, el foro primario declaró Ha Lugar la una *Petición* en la que solicitó la expedición del auto de *habeas corpus*. Empero, condicionó la excarcelación del peticionario hasta tanto no presentara una dirección distinta toda vez que estaría a una distancia cercana de unos testigos de cargo.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari*.

---

[1] Apéndice de la *Petición de Certiorari*, Anejo 8.

## I.

El caso de epígrafe tiene su origen cuando el 20 de octubre de 2025, el Ministerio Público (parte recurrida) instó múltiples *Denuncias* en la que alegó que, el peticionario infringió los siguientes delitos: Art. 93 del *Código de Penal de Puerto Rico de 2012*, Ley Núm. 146 de 30 de julio de 2012, según enmendada, 33 LPRA sec. 5142 (en adelante, Código Penal), Art. 230 del Código Penal, *supra* sec. 5311, Art. 249 del Código Penal, *supra* sec. 5339, el Art. 6.09 de la Ley de Armas de Puerto Rico de 2020, Ley Núm. 168 de 11 de diciembre de 2019, según enmendada, 25 LPRA sec. 466h (Ley Núm. 168-2019) y el Art. 6.14 de la Ley Núm. 168-2019, *supra* sec. 466m tras alegadamente el 19 de junio de 2025, ocasionarle la muerte a una persona utilizando un arma de fuego.[2]

Así las cosas, el 8 de mayo de 2025, el señor Vázquez Quiñones radicó una *Petición* en la que alegó que, a partir del 5 de noviembre de 2025, lleva encarcelado.[3] Con ello, arguyó que, se habían cumplido los ciento ochenta (180) días y, por tanto, solicitó la excarcelación bajo el auto de *Habeas Corpus*.

En igual fecha, el TPI emitió una *Orden* en la que citó a las partes a comparecer a una *vista de Habeas Corpus* calendarizada para el 12 de mayo de 2026.[4]

Empero, el 18 de mayo de 2026, el peticionario presentó una *Petición* en la que reiteró su excarcelación e informó que fue radicada nuevamente a los fines de informar en que institución penal se encontraba encarcelado.[5]

El 18 de mayo de 2026, el foro primario emitió una determinación en la que recalendarizó la *vista de habeas corpus* para el 20 de mayo de 2026.[6]

---

[2] *Íd.* Anejo 3.
[3] *Íd.* Anejo 4.
[4] *Íd.* Anejo 5.
[5] *Íd.* Anejo 6.
[6] *Íd.* Anejo 7.

Celebrada la vista, el 22 de mayo de 2026, el foro a quo emitió una *Resolución* en la que declaró Ha Lugar la referida *Petición*.[7] No obstante, condicionó la excarcelación del señor Vázquez Quiñones puesto que debía cambiar la dirección residencial toda vez que, en la dirección provista está localizada a una corta distancia de dos (2) testigos de cargo.

Inconforme, el 3 de junio de 2026, presentó ante nos una *Petición de Certiorari* en la que coligó el siguiente error:

> Erró el Honorable Tribunal de Primera Instancia al exigir al señor Vázquez Quiñones que proveyera una dirección distinta violentando así el derecho constitucional de prisión preventiva.

En cumplimiento con nuestra *Resolución*, el 15 de junio de 2026, la parte recurrida instó un *Escrito en cumplimiento de Resolución*.

Con el beneficio de la comparecencia de las partes, procederemos a atender el recurso ante nos.

**II.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004-1005 (2021); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023). Véase, además, *IG Builders et al v. BBVAPR*, 185 DPR 307, 337 (2012); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc, supra; Rivera Figueroa v. Joe's European Shop*, 183

---

[7] *Íd.* Anejo 8.

DPR 580, 596 (2011). Cónsono con lo anterior, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone en lo pertinente lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra,* debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso. En aras de ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, Regla ___ del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, 216 DPR __ (2025), dispone los criterios a considerar para poder atender o no las controversias ante su consideración. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). Véase, *Rivera et al. v. Arcos Dorados et al.,* *supra*; *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020); *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008). Los criterios que debemos considerar son los siguientes:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. *Torres Martínez v. Torres Ghigliotty, supra*, pág. 97. Ahora bien, este Tribunal de Apelaciones puede expedir el auto de certiorari cuando "se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos que revistan interés público o cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Rivera et al. v. Arcos Dorados et al., supra*, pág. 195.

**B.**

La Sec.11 del Artículo II de la Constitución de Puerto Rico (Const. ELA), LPRA, Tomo 1, establece que, "la detención preventiva antes del juicio no excederá de seis meses". El término de detención preventiva comienza a decursar luego de que el Tribunal determina causa probable para el arresto. *Pueblo v. Díaz Alicea*, 204 DPR 472, 483 (2020). Dicho término, versa sobre le periodo anterior al Juicio, cuando un acusado se encuentra detenido preventivamente y no haya prestado la fianza impuesta y se encuentra en espera de la celebración del juicio criminal. *Pueblo v. Díaz Alicea, supra*, pág.

484; *Ruiz v. Alcaide*, 155 DPR 492, 502 (2001). El derecho a la detención preventiva es una garantía constitucional que protege a los acusados en cuanto a que no se les castigue excesivamente por un delito del cual no han sido juzgados. *Pueblo v. Díaz Alicea, supra*, pág. 484.

El auto de habeas corpus "es un recurso extraordinario de naturaliza civil, mediante el cual una persona que está privada ilegamente de su libertad solicita de la autoridad judicial competente que se investigue la causa de su detención". *Quiles v. Del Valle*, 167 DPR 458, 466 (2006); *Pueblo v. Díaz Alicea, supra*, pág. 485. El habeas corpus es un recurso de rango constitucional toda vez que, consta en la Sec. 13 del Art. II del Const. ELA, *supra*. Igualmente consta en el Código de Enjuiciamiento Criminal de Puerto Rico, Edicion de 1935, según enmendada, 34 LPRA secs. 1741-1770. El auto de habeas corpus es un recuso extraordinario, por lo que puede presentarse luego de haber agotado todos los remedios a su alcance. *Ortiz v. Alcaide Penitencia Estatal*, 131 DPR 849, 861 (1992); *Pueblo v. Díaz Alicea, supra*, pág. 485. Así pues, no se concederá el auto de habeas corpus en sustitución de los remedios ordinarios provistos en la ley. *Pueblo v. Díaz Alicea, supra*, pág. 486. La expedición del auto de *habeas corpus* no es absoluta toda vez que, el más alto foro judicial ha reconocido en diversos escenarios que en los que no procede la concesión del auto de *habeas corpus. Pueblo v. Díaz Alicea, supra*, pág. 486. Ello, pues que cuando mediante fraude o actos ilegales el acusado alegó ser incapaz. *Íd.* Por otro lado, no procede un habeas corpus cuando el acusado se encuentra en una determinación de procesabilidad. *Íd.* El acusado no queda exento de los cargos en su contra, sino que se continua el juicio en su contra como si estuviera bajo fianza. *Pueblo v. Paonesa Arroyo*, 173 DPR 203, 211 (2008). En esa línea, la Regla 218 de Procedimiento Criminal, 34 LPRA, Ap. II, R. 218, establece que:

(a) Derecho a fianza; quién la admitirá; imposición de condiciones. Aquella persona arrestada por cualquier delito que tenga derecho a quedar en libertad bajo fianza o bajo las condiciones impuestas de conformidad con el inciso (c) de esta Regla hasta tanto fuera convicta. A los fines de determinar la cuantía de la fianza correspondiente y la imposición de las condiciones que se estimen propias y convenientes, el tribunal deberá contar con el informe de evaluación y recomendaciones que rinda la Oficina de Reglas de Servicios con Antelación al Juicio a tenor con las disposiciones de la Ley 177-1995, según enmendada. En los casos de personas a quienes se le impute alguno de los siguientes delitos graves, según tipificados en el Código Penal de Puerto Rico y otras leyes especiales, además de fijar la fianza correspondiente, el tribunal tendrá, al fijar la fianza, que imponer la condición de que se sujete a supervisión electrónica al imputado y aquellas otras condiciones enumeradas en el inciso (c) de esta Regla, conforme al procedimiento establecido en esta Regla. Los delitos son: **asesinato** [...] **el 5.07 sobre posesión o uso ilegal de armas automáticas o escopetas de cañón**, [...] y las circunstancias dispuestas en el inciso (c) de esta Regla, el tribunal podrá disponer que una persona quede en libertad provisional bajo su propio reconocimiento, bajo custodia de tercero o bajo fianza diferida. La fianza, cuando se requiera en estos casos, podrá ser admitida por cualquier magistrado, excepto en caso de que se determine causa probable para arresto en ausencia del imputado, en cuyo caso la fianza que fije el magistrado solo podrá ser modificada mediante moción bajo la Regla 218.

[...]

(13) En aquellos delitos que menciona el inciso (a) de esta Regla el Tribunal impondrá de forma mandatoria la totalidad de los siguientes requisitos al momento de imponer una fianza, independientemente de la forma en que el acusado realice la prestación de la misma:
**(A) Evitar todo contacto con la alegada víctima del crimen o con testigos potenciales.**

[...]

En los casos en que proceda la imposición de las restricciones establecidas en esta sección, el juez celebrará una vista adversativa en la que se evalué la peligrosidad del imputado y la gravedad del delito imputado, a los fines de determinar si le puede imponer las condiciones antes enumeradas para garantizar su comparecencia y la seguridad pública. En la vista el juzgador evaluará los siguientes factores: (1) las características y circunstancias del delito imputado; (2) la historia y características del imputado, incluyendo su carácter y condición mental, lazos familiares, empleo, recursos económicos, el tiempo de residencia en la comunidad, lazos con la comunidad, conducta anterior, antecedentes penales, y cumplimiento anterior con previas comparecencias; y **(3) el peligro que correría alguna persona, o la comunidad, al quedar libre el imputado**

(Énfasis suplido).

En lo pertinente, el Art. 24 del *Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011*, Plan de

Reorganización Núm. 2 de 21 de noviembre de 2011, según enmendada, 3 LPRA, Ap. XVIII, Art. 24 (Plan Núm. 2-2011), creó el Programa de Servicios con Antelación al Juicio para ofrecer sus recomendaciones a los Tribunales en cuanto a la posibilidad de decretar la libertad provisional al imputado. Igualmente, "tendrá como propósito eliminar la desigualdad económica en la obtención de la libertad provisional, conforme al derecho constitucional de un imputado de delito de permanecer en libertad bajo fianza, durante el tiempo que se ventile el proceso criminal en su contra y hasta el momento de determinarse un fallo condenatorio, si ese fuera el caso". Con ello, el Art. 27 del Plan. Núm. 2-2011, *supra*, Art. 27, dispone:

> El Departamento preparará un informe al Tribunal de Primera Instancia, que incluirá una recomendación sobre cuál o cuáles condiciones podrán imponerse al imputado, para ordenar su libertad condicional bajo su propio reconocimiento, libertad condicional bajo custodia de un tercero o libertad bajo fianza diferida. Las condiciones estarán sujetas, aunque no limitadas, a una o todas de las siguientes condiciones:
> (a) Presentarse periódicamente ante el Departamento o ante la persona o institución que el tribunal designe;
> (b) no poseer, manejar, estar cerca de o tener contacto alguno con armas de fuego ni ninguna otra clase de objeto o artefacto que pueda ser considerado o utilizado como un arma peligrosa;
> (c) no acercarse ni comunicarse con una persona o clase de personas en particular;
> (d) no visitar un área, establecimiento o lugar en particular;
> (e) abstenerse de actuaciones particulares o del consumo de bebidas alcohólicas, drogas narcóticas o cualquier otra sustancia controlada, no recetada y someterse periódicamente a pruebas de uso de sustancias controladas;
> (f) someterse a tratamiento contra la adicción a drogas o alcohol;
> (g) someterse a tratamiento médico o psiquiátrico;
> (h) obtener un trabajo;
> (i) ingresar o continuar un curso de estudios académicos o vocacionales;
> (j) asistir o residir en una instalación designada por el tribunal;
> (k) mantener a sus dependientes;
> (l) observar cualquier horario prescrito por el tribunal;
> (m) permanecer bajo la custodia de un tercero o institución designada por el tribunal, que esté dispuesto(a) a supervisar al imputado durante su libertad provisional. Éstos serán responsables de notificar al tribunal y al Programa, si el imputado no cumple con cualesquiera de las condiciones impuestas;
> (n) permanecer bajo la supervisión directa del Departamento y presentarse según se le ordene a un centro de supervisión, con o sin el uso de un sistema aprobado de supervisión electrónica; o (o) cualquier otra condición razonable.

**III.**

En el caso de autos, el peticionario argumentó que, el foro primario no debió exigirle una dirección distinta a donde iba a permanecer puesto que violentó su derecho constitucional de prisión preventiva.

Luego de un examen sosegado del expediente ante nos, y en correcta práctica apelativa, colegimos que nos abstenemos de ejercer nuestra función revisora y, de intervenir con la determinación del foro primario.

Tras un análisis cuidadoso sobre los planteamientos que el peticionario presentó ante esta Curia, concluimos que el TPI no incurrió en error de derecho ni en abuso de discreción en su determinación. El TPI cumplió con la normativa vigente, en virtud de que le concedió el auto de *habeas corpus*. No obstante, en aras de salvaguardar el proceso judicial, a tenor con el Art. 27 del Plan. Núm.2-2011, *supra*, Art.27, el Programa de Servicios con Antelación al Juicio y la Regla 218 de Procedimiento Criminal, *supra*, R. 218, recomendó para que este pudiera gozar del privilegio de la libertad condicional debía cambiar la dirección residencial en la que se iba a ubicar. Es decir, el auto de habeas corpus fue concedido, empero, hasta tanto no cumpla con las condiciones impuestas, no pude gozar de la libertad condicionada. Cónsono con ello, evaluada la totalidad del expediente ante nuestra consideración atisbamos que, no es meritorio que alteremos el dictamen recurrido. Ello, puesto que el *habeas corpus* es como si una persona estuviera bajo fianza y, por tanto, se le pueden imponer ciertas condiciones para estar en libertad condicionada.

A la luz de lo esbozado, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa, al amparo de lo dispuesto en la Regla 52.1

de Procedimiento Civil, *supra*, y la Regla 40 de nuestro Reglamento, *supra*.

**IV.**

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari*.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones